**PURSUANT TO INTERNAL REVENUE CODE SECTION 7463(b),THIS OPINION MAY NOT BE TREATED AS PRECEDENT FOR ANY OTHER CASE.**

T.C. Summary Opinion 2014-65

UNITED STATES TAX COURT

VERNON M. LESLIE, JR., Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 9534-12S.                              Filed July 10, 2014.

Vernon M. Leslie, Jr., pro se.

<u>Leonard T. Provenzale</u>, for respondent.

SUMMARY OPINION

CARLUZZO, <u>Special Trial Judge</u>:  This case was heard pursuant to the

provisions of section 7463[1] of the Internal Revenue Code in effect when the

petition was filed.  Pursuant to section 7463(b), the decision to be entered is not

_____

[1]Unless otherwise indicated, section references are to the Internal Revenue
Code of 1986, as amended, in effect for the relevant period.  Rule references are to
the Tax Court Rules of Practice and Procedure.

reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

In a notice of deficiency dated January 25, 2012 (notice), respondent determined a $973 deficiency in petitioner's 2008 Federal income tax.

The issue for decision is whether petitioner is entitled to a section 36 first-time homebuyer credit (credit) as claimed on his 2008 Federal income tax return (return), or whether the credit is limited to the amount respondent allowed. The resolution of the issue depends upon whether for purposes of calculating the credit the cost of various repairs[2] are includable in the "purchase price" of the "principal residence" to which the credit relates.[3] See sec. 36.

## Background

Some of the facts have been stipulated and are so found. At the time the petition was filed, petitioner resided in Florida.

---

[2]Petitioner used the term "repair" (including its various derivatives) repeatedly during his trial testimony. We use the term for convenience and not to suggest whether an expenditure should or should not be taken into account in the computation of the basis in the relevant property. See sec. 1012; see also sec. 1016(a)(1); sec. 1.1016-2(a), Income Tax Regs.

[3]The parties disagree over how the "purchase price", as defined in sec. 36(c)(4), of petitioner's "principal residence" should be computed. Otherwise, they agree that petitioner is entitled to a sec. 36 credit.

On January 23, 2009, petitioner purchased a house in Port St. Lucie, Florida (sometimes property or house), from GMAC Mortgage, LLC (GMAC). GMAC had obtained title to the property as a result of foreclosure proceedings. Petitioner paid GMAC $31,000 for the property, and he incurred and paid settlement expenses of $300 (rounded) in connection with the transaction. Apparently, the house was not well maintained or secured while GMAC held title to the property. The house was vandalized and might have been occupied by one or more squatters before the date petitioner purchased it.

After acquiring the property petitioner: (1) repaired a leaking/defective water main and the resultant damage to carpets, flooring, and drywall caused by leaking water; (2) removed or remediated extensive mold and mildew damage; (3) replaced or repaired broken drywall; (4) repaired a broken garage door; (5) repaired/restored the barrier fence surrounding the swimming pool; and (6) purchased and installed replacements for missing or broken kitchen appliances. Some or all of the above were required in order to make the house habitable and to cause the release of a lien then encumbering the property in favor of the local housing authority. Petitioner, who is a building contractor, occupied the house as

his principal residence starting in May 2009.[4] By that time he had spent at least $10,270 for the repairs and the appliances.

Petitioner's return, which he prepared, includes a Form 5405, First-Time Homebuyer Credit and Repayment of the Credit, that shows a $4,157 credit, calculated by taking on 10% of $41,570, which is the sum of the property's purchase price, $31,000, plus settlement charges, $300, plus at least a portion of the costs of repairs and appliances, $10,270.

In the notice respondent disallowed $1,027 of the credit,[5] which is the portion of the credit as petitioner computed attributable to the costs of the repairs and appliances. According to respondent, those costs are not taken into account in the computation of petitioner's allowable section 36 credit.

## Discussion

Like deductions, credits are a matter of legislative grace, and the taxpayer bears the burden of proving that he or she is entitled to any credit claimed. See Rule 142(a); Deputy v. du Pont, 308 U.S. 488, 493 (1940); New Colonial Ice Co.

---

[4]The exact date is neither known nor important.

[5]Other adjustments made in the notice of deficiency are computational and will not be discussed.

v. Helvering, 292 U.S. 435, 440 (1934); Segel v. Commissioner, 89 T.C. 816, 842 (1987).[6]

Section 36(a) allows a credit for a first-time homebuyer of a principal residence. As noted, the parties agree that petitioner is a first-time homebuyer within the meaning of section 36.

As relevant here, the amount of the credit is equal to 10% of the purchase price of the residence, not to exceed $8,000, effective for purchases made on or after April 9, 2008, and before December 1, 2009.[7] Sec. 36(a), (b)(1)(A), (h). The term "purchase price" is defined in section 36(c)(4) as the "adjusted basis of the principal residence on the date such residence is purchased." Normally, the date that a "residence is purchased" is the date on which the taxpayer takes legal or equitable title to the residence. Woods v. Commissioner, 137 T.C. 159, 163 (2011). If the taxpayer constructs a residence, however, then the date of purchase of the residence is "the date the taxpayer first occupies such residence". Sec. 36(c)(3)(B).

---

[6]Petitioner does not claim that the provisions of sec. 7491(a) are applicable, and we proceed as though they are not.

[7]Sec. 36(g) provides that a taxpayer who qualified as a first-time homebuyer for a residence purchased between December 31, 2008, and December 31, 2009, may claim the credit on the taxpayer's 2008 tax return.

According to petitioner, the "date of purchase" is a day during May 2009 when he first occupied the house as his principal residence. Petitioner supports his position and his computation of the credit upon the ground that he constructed the property. Respondent, on the other hand, argues that petitioner did not construct the property. Therefore, according to respondent, the "date of purchase" is the date petitioner took title to the property, that is, on or about January 23, 2009. For the following reasons, we agree with respondent.[8]

Our research has revealed no definitions for the terms "construct" or "constructed" for purposes of section 36. The terms are not defined in section 36 itself, or its corresponding regulations, or relevant caselaw, or the statute's legislative history. That being so, we construe the terms as ordinarily and commonly used. See Commissioner v. Brown, 380 U.S. 563, 570-571 (1965); Crane v. Commissioner, 331 U.S. 1, 6-7 (1947); Texaco Inc. & Subs. v. Commissioner, 101 T.C. 571, 575 (1993), aff'd, 98 F.3d 825 (5th Cir. 1996); Rome I, Ltd. v. Commissioner, 96 T.C. 697, 704 (1991); Union Pac. Corp. v.

---

[8]Under the circumstances, we need not address whether the costs of the repairs and/or appliances, or some part of those costs, are properly included in the computation of the adjusted basis of the property. See sec. 1016(a)(1); sec. 1.1016-2(a), Income Tax Regs.

Commissioner, 91 T.C. 32, 38-40 (1988); First Sav. & Loan Ass'n v. Commissioner, 40 T.C. 474, 482 (1963).

Webster's II New Riverside University Dictionary 303 (1984) defines the term "construct" as "[t]o put together by assembling parts" or to "build". Webster's II New Riverside University Dictionary 207 defines the term "build" as "[t]o form by combining materials or parts". When used in the context of a house or other building, the terms "construct" and/or "build" normally and commonly connote a series of activities that include, at the least, the creation of a foundation, walls, and a roof, as well as the initial installation of the various support systems that make the house or other building functional. Petitioner did none of these things so as to make the house habitable, either physically or legally, as his principal residence, and he has otherwise failed to establish that he "constructed" the house within the meaning of section 36(c)(3)(B).

It follows that petitioner's allowable credit is computed with reference to the "purchase price" of the property as of the date he took title to it, not on the date that he first occupied the house as his principal residence. Consequently, the adjusted basis in the property is determined as of January 23, 2009. As agreed to between the parties, that amount equals $31,303.

That being so, respondent's disallowance of $1,027 of the credit claimed on petitioner's return is sustained.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.